IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BMC SOFTWARE, INC., | § § | |
| Plaintiff, | § § | CASE NO. 4:17-cv-2254 |
| vs. | § § | |
| | § | JURY TRIAL DEMANDED |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

It is ordered by the Court that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories, and other information produced, given, or exchanged by and among all parties, including (a) parties presently named or later joined to this action and (b) non-parties subject to discovery in this action:

### A. Purpose and Scope

1. Discovery in this action may involve disclosure of trade secrets and other confidential, proprietary, and/or competitively sensitive business, technical, and financial information ("Confidential Information"). This protective order ("Order") therefore is entered to protect against unauthorized disclosure of proprietary and privacy interests, and to ensure that such information will be used only for the purposes of this action.

2. This Order shall govern all information including the contents of documents, testimony, answers to interrogatories, admissions, and/or data derived from any document or information stored or recorded on a computer, electronic storage device or any other medium (collectively, "Discovery Material").

B. **Applicability**

3. The provisions of this Order shall apply to information in this action (a) shared by parties and non-parties and (b) derived from or constituting Confidential Information. This Order does not apply to information that has been disclosed to the public or information that has been shared in a manner making the information no longer confidential.

C. **Designation of Materials**

4. The producing parties may designate any Discovery Material as either "Confidential" or "Attorneys' Eyes Only" (collectively, "Protected Discovery Material") when a party, non-party, or their counsel in good faith believes that such Protected Discovery Material constitutes or reveals Confidential Information. Additionally, any party may designate Discovery Material produced by non-parties as Protected Discovery Material when a party or their counsel in good faith believes that it constitutes or reveals Confidential Information.

5. It shall be the duty of the party or non- party who seeks to invoke protection under this Order to give notice, in the manner set forth by this Order, of the Protected Discovery Material to be covered and the level of confidentiality invoked. Upon notice invoking protection under this Order, the duty to maintain the confidentiality of the Protected Discovery Material commences for all parties bound by this Order.

6. Each party or non-party that designates information for protection under this Order shall limit its designations to material that qualifies for protection.

D. **Disclosure**

7. Any disclosure of any Protected Discovery Material shall be limited to the extent reasonably necessary for the prosecution, defense, and appeal of this action. A non-producing party shall not, except with the prior consent of the producing party or producing non-party or by order of the Court, use Protected Discovery Material for any purpose other than for the purpose

of preparing for and conducting the litigation of this action and any appellate proceedings in this action. Counsel for the parties shall not disclose Discovery Material produced by non-parties to their clients until counsel for the parties have had an opportunity to designate any Protected Discovery Material.

8. Protected Discovery Material shall be only disclosed in accordance with this Order, except with the prior consent of the producing party or upon prior order of this Court or a court of competent jurisdiction.

E. **Protected Discovery Material Designated Confidential**

9. Protected Discovery Material designated "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following persons:

    a. the Court, the Court's staff, and any agents or representatives of the Court, provided that any filing or submission of Protected Discovery Material with or to the Court must be made under seal with a "sealed" designation and a "Confidential" designation in accordance with the provisions of Section P below;

    b. outside counsel of record for the parties in this action;

    c. employees and/or staff of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this action;

    d. in-house counsel for the parties who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action, and provided that such person agreed to be bound by the provisions of this Order by signing a copy of Exhibit A;

    e. current and former employees of the disclosing party to whom disclosure is reasonably necessary for this cause of action;

    f. outside consultants and experts retained for the purpose of this litigation, and their respective staffs, subject to the provision set forth in Section F below, and provided that such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a

party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or of a competitor of a party; (c) no unresolved objections to such disclosure exist after proper notice has been given to the producing party as set forth in Sections F and I below, and (d) any disclosure is only to the extent necessary perform such work;

g. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information to be disclosed;

h. a non-party during their deposition or other testimony in this action to whom disclosure is reasonably necessary;

i. any person to whom counsel for the designating party agrees in writing disclosure may be made; and

j. any person to whom a court of competent jurisdiction permits disclosure to be made after the designating party has been given notice and opportunity to be heard.

F. **Outside Expert Objection Period**

10. Prior to disclosing any Protected Discovery Material to any person described in paragraph 9(f) or paragraph 14(c), the party seeking to disclose such information shall provide the producing party with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an identification of all of the person's past or current employment or consulting relationships for the past five (5) years (regardless of whether the purpose of the consultancy was litigation), including direct relationships and relationships through entities owned or controlled by the Person and including an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the person has testified at deposition or trial within the last five (5) years; and (vi) a signed copy by the person of the Exhibit A.

11. Within seven (7) calendar days of receipt of the written notice, any party or non-party may object in writing to the person for good cause. Any such objection must set forth in

detail the grounds upon which it is based, including any claim that the notice was deficient or inadequate. In the absence of an objection at the end of that seven (7) day period, the person shall be deemed approved under this Order, and the party may disclose Protected Discovery Material to the identified person. There shall be no disclosure of Protected Discovery Material to the person prior to expiration of this seven (7) day period.

12. If a party objects to disclosure to the person within the period set forth above, the Parties shall meet and confer via telephone or in person pursuant to the provisions set forth in Section I below.

### G. Protected Discovery Material Designated as Attorneys' Eyes Only

13. To the extent a producing party believes that certain Protected Discovery Material qualifying to be designated "Confidential" is so sensitive that its dissemination deserves even further limitation, and constitutes trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity, the parties may further restrict access to Protected Discovery Material by designating highly sensitive Protected Discovery Material belonging to parties or non-parties as "Attorneys' Eyes Only."

14. Protected Discovery Material designated "Attorneys' Eyes Only" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following persons:

    a. the Court, the Court's staff, and any agents or representatives of the Court, provided that any filing or submission of Protected Discovery Material with or to the Court must be made under seal with a "sealed" designation and an "Attorneys' Eyes Only" designation in accordance with the provisions of Section P below;

    b. outside counsel of record for the parties in this action;

    c. outside consultants and experts retained for the purpose of this litigation, and their respective staffs, subject to the provision set forth in Section F above, and provided that such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or of a competitor of a party; (c) no unresolved objections to such disclosure exist after proper notice has been given to the producing party as set forth in Sections F and I below, and (d) any disclosure is only to the extent necessary perform such work;

    d. any person to whom counsel for the designating party agrees in writing disclosure may be made; and

    e. any person to whom a court of competent jurisdiction permits disclosure to be made after the designating party has been given notice and opportunity to be heard.

15. To the extent that any party identifies information which the party believe needs more protection than provided herein the party may seek protection from the Court.

**H.** **<u>Non-Confidential Information</u>**

16. Discovery Material shall not be Protected Discovery Material if it is:

    a. information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

      b.      any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

17. In the event that any designation of discovery material as Confidential or Attorneys' Eyes Only is or becomes inconsistent with the terms of this paragraph, such designation shall be honored by the parties until amended by agreement among the parties or until otherwise ordered by this Court in accordance with the provisions of this Order or until the conclusion of the litigation.

I. **Disputes**

18. Any party may object to the designation of particular Discovery Material as Confidential or Attorneys' Eyes Only or the disclosure of Protected Discovery Materials to a particular person by giving written notice to the party or non-party making the designation and to all other parties. Such notice shall identify with specificity the Discovery Material to which the objection is directed and the basis of the objection. The producing party shall have seven (7) business days to respond to the objection.

19. If the producing party objects within the period set forth above, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. During the meet and confer process, the party objecting to the notice shall describe the basis for the objection and must explain the basis for its concerns.

20. If the objection is not resolved, the party objecting will have five (5) business days from the date of the meet and confer to seek relief from this Court. If relief is not sought from this Court within that time, the objection shall be deemed withdrawn. The Court requires any party wishing to make a discovery motion should arrange for a conference with the court

before submission of any motion papers. The parties should comply with the Court's procedures and Local Rules in resolving any objection. The disputed Discovery Material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the non-party or party making the designation shall have the burden of proof that the challenged Discovery Material is entitled to the protection of the particular designation of Confidential or Attorneys' Eyes Only.

### J. Statements

21. Any person who is given access to Protected Discovery Material pursuant to paragraph 9(d) and (f) and 14(c), shall, prior to being given any such material, be informed of the provisions of this Order, read this Order, and execute a sworn undertaking, in the form annexed as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms. The original of such sworn statements shall be retained by counsel for each party who intends to or does provide such persons any Protected Discovery Material until the conclusion of this action, including any appeal. At the conclusion of this case, and at the opposing party's request, counsel for each party shall serve a copy of such sworn statements upon counsel for each other party. The parties agree not to use these statements for any purpose other than monitoring and enforcing compliance with this Order.

### K. Non-Disclosure

22. A party may use Protected Discovery Material only for prosecuting, defending, and appealing this action.

23. Any person receiving Protected Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order. If Protected Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts

relating to the disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve the material and to prevent further disclosure of it.

L. **Designation of Written Discovery Material by Party or Non-Party**

24. Any producing party or non-party shall designate Protected Discovery Material at the time of its production by marking it as "Confidential" or "Attorneys' Eyes Only." If any document or other material is used as an exhibit at trial or otherwise displayed to the jury, all markings indicating that the document or material had previously been designated by the party pursuant to this Order as Confidential or Attorneys' Eyes Only shall, at the request of the producing party, be removed prior to offering the document or material into evidence or displaying it, and no mention shall be made of the previous designation of confidentiality. Such removal shall not alter the confidential nature and treatment of the document or material or the obligations of any party or non-party under this Order. If any document originally bore the designation "Confidential," "Attorneys' Eyes Only," or some similar marking before it was marked and produced in connection with this case, then such marking can remain on the document for use at trial.

M. **Designation Of Testimony By Party Or Non-Party**

25. Any party or non-party shall have seven (7) days from the date of receipt of a certified copy of a deposition or other certified transcript in which to designate all or portions of the testimony as Confidential or Attorneys' Eyes Only. From the time the testimony is given through the 7-day period, all information disclosed in the testimony shall be deemed Attorneys' Eyes Only Discovery Material subject to this Order. After the 7-day period, any testimony not designated shall no longer be deemed Protected Discovery Material, subject, however, to the terms of paragraph 37 below.

26. The designation of all or portions of testimony as Confidential or Attorneys' Eyes Only shall be made after transcription by sending written notice identifying the information to be so designated by page and line numbers to counsel of record and the non-party within the 7-day period. If any deposition is displayed or read at trial, all deposition statements and all markings of the material as "Confidential" or "Attorneys' Eyes Only," shall at the request of the designating party, be removed (or edited, in the case of a videotaped deposition) prior to offering the deposition testimony into evidence or displaying it in Court, and no mention shall be made of the previous designation of confidentiality.

### N.  Deposition Procedures

27. Other than the deponent and the deponent's attorney, any party or deponent shall have the right to exclude from attendance at a deposition any person not authorized to receive Confidential and Attorneys Eyes' Only information pursuant to paragraphs 9 and/or 14.

### O.  Use of Discovery Material at Hearing

28. Subject to the other provisions of this Order, at any hearing relating to this proceeding, subject to the rules of evidence and orders of the Court, a party may use Confidential or Attorneys' Eyes Only Discovery Material for any purpose. When a party plans to use Confidential or Attorneys' Eyes Only Discovery Material in a hearing, that party shall, where feasible, notify the Court before the beginning of the proceeding that some portions of the evidence to be presented have been so designated. Any party or deponent shall have the right to exclude from attendance at a hearing any person not authorized to receive the information pursuant to paragraphs 9 and/or 14. Any person not authorized to receive the information shall be excluded prior to discussion of this information. In the event any Protected Discovery Material is used in any legal proceeding in connection with this action, it shall not lose its status as Confidential or Attorneys' Eyes Only Discovery Material through such use, provided that the

parties to this action take steps reasonably calculated to protect its confidentiality during such use.

P. **Court Filings**

29. Subject to the rules and orders of the Court, including any required motion and findings by the Court, any Confidential or Attorneys' Eyes Only Discovery Material filed with or submitted to the Court shall be submitted under seal and kept by the Court under seal, and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party submitting any paper to the Court that reflects or contains any Confidential or Attorneys' Eyes Only Discovery Material shall (a) ensure that such document is appropriately and clearly labeled as containing "Confidential" or "Attorneys' Eyes Only" information; and (b) submit such document electronically to the Court, and include a notation in the electronic submittal that the communication contains Confidential or Attorneys' Eyes Only information and is to be handled in accordance with this Order, as appropriate.

30. Any Confidential or Attorneys' Eyes Only Discovery Material submitted to the Court during any hearings shall be appropriately and clearly labeled.

31. The Parties shall not oppose any motion to submit Confidential or Attorneys' Eyes Only Discovery Material under seal so long as the filing is made to support a motion, for *in camera* inspection under Court order, or as part of a filing of exhibits when Court's orders or rules so require.

32. In the event of any appeal, all documents containing materials designated as Confidential or Attorneys' Eyes Only Discovery Material filed with the Court shall be filed under seal in accordance with the local rules of the applicable court.

### Q. Return of Discovery Material

33. All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of documents or other information produced in this litigation, whether or not designated as Confidential or Attorneys' Eyes Only shall be returned to the producing party or destroyed within thirty (30) days after a final, non-appealable judgment herein or execution of a settlement agreement settling this action. The other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed.

### R. No Waiver

34. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object, shall be construed as a waiver of any claim or defense in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or non-party of the obligation to produce information properly sought in the course of discovery. Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing contained in this Order or any declaration of confidentiality or restriction in this Order shall be used or characterized by any party as an "admission" by a party opponent. The failure of a party to object to or to challenge a designation by another party of Discovery Material as Confidential or Attorneys' Eyes Only shall not constitute an admission that the materials so designated are in fact trade secrets, or other confidential or proprietary business, technical or financial information, or are entitled to any legal protection. The failure of a party to object to or to challenge a designation by another party of Discovery Material as Confidential or Attorneys' Eyes Only upon initial

receipt of this material shall not constitute or be construed as a waiver of that party's right to subsequently object to or to challenge such designation at any later time.

S.   **No Prejudice**

35.   Producing or receiving Protected Discovery Material, or otherwise complying with the terms of this Order, will not: (a) prejudice the rights of a party to object to the production of documents that the party does not consider to be within the scope of discovery; (b) prejudice the rights of a party to seek a determination by a court of competent jurisdiction that particular documents be produced; (c) prejudice the rights of a party to apply to the presiding judge for further protective orders or modification of this Order; or (d) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided in this Order with respect to any particular documents.

T.   **Inadvertent Failure To Designate**

36.   Inadvertent failure to designate materials as Protected Discovery Material at the time of production or the designation of such materials at a lower level of confidentiality than warranted pursuant to this Order may be remedied by supplemental written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. The party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.

U.  **Inadvertent Production**

37. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney client or other privilege, and no party or entity shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party or entity, the receiving party shall (a) return the original and all copies of such documents within two (2) business days of receiving the request, and (b) shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes that were internally generated based upon such information shall be destroyed.

38. Nothing herein shall restrict the party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the work product doctrine or from referring to the fact that the material had been produced; provided, however, the party filing the motion cannot refer to the content of the document in litigating the issue, nor contend that any privilege has been waived. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege and no party or entity shall be held to have waived any rights by such inadvertent production.

V.  **Inconsistent Designations**

39. In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent

designation; however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation and shall immediately inform the producing party of such inconsistent designation.

W.     **Further Motions Not Precluded**

40.    Entry of this Order shall be without prejudice to any motion for relief from its provisions or to any motion for further restriction on the production, exchange, or use of any document or to any motion for further restriction on the production, exchange, or use of any document or other information in the course of this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

X.     **No Restrictions On Admissibility Or Use**

41.    Nothing in the Order shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts, except to the extent such deposition testimony involves the disclosure of information designated by another party as Protected Discovery Material pursuant to the terms of this Order.

Y.     **Continuing Jurisdiction**

42.    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

**IT IS SO ORDERED** on the ___ day of ___August___, 2017.

_____
Gray H. Miller
United States District Court Judge


Agreed to by:


_/s/ Sean Gorman_
Sean Gorman
Texas State Bar No. 08218100
S.D. Bar No. 10168
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
(713) 221-1221 Telephone
(800) 404-3970 Facsimile

**Attorney-In-Charge for BMC Software, Inc.**

Of Counsel:

**Bracewell LLP**
Christopher L. Dodson
Texas State Bar No. 24050519
S.D. Bar No. 613937
Elizabeth F. Eoff
Texas State Bar No. 24095062
S.D. Bar No. 2951585
711 Louisiana, Suite 2300
Houston, Texas 77002

(713) 221-2300 Telephone
(713) 221-1212 Facsimile


*/s/ R. Paul Yetter*

R. Paul Yetter
Texas State Bar No. 22154200
909 Fannin Street, Suite 3600
Houston, Texas 77010
(713) 682-8000 Telephone
(713) 632-8002 Facsimile


Of Counsel:

**Quinn Emanuel Urquhart & Sullivan, LLP**
Richard I. Werder, Jr.
New York Bar No.
S.D. Bar No.
Rachel Epstein
New York State Bar No.
S.D. Bar No.
51 Madison Avenue, 22nd Floor
New York, Texas 10010
(212) 849-7000 Telephone
(212) 849-7100 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BMC SOFTWARE, INC., | § § | |
| Plaintiff, | § § | CASE NO. 4:17-cv-2254 |
| vs. | § § § | JURY TRIAL DEMANDED |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § | |
| Defendant. | § § | |

## PROTECTIVE ORDER EXHIBIT A: ACKNOWLEDGEMENT

The undersigned has read the Protective Order, understands its contents, and undertakes to make no disclosures of Confidential or Attorneys' Eyes Only Discovery Material to any person who is not permitted to have access to Confidential or Attorneys' Eyes Only Discovery Material by the Order. In addition, the undersigned agrees not to use Confidential or Attorneys' Eyes Only Discovery Material for any purpose whatsoever other than in connection with this litigation or its potential resolution through business negotiations between the parties.

The undersigned further understands that a violation of this undertaking could be punishable as a contempt of court and submits to the jurisdiction of the Court for purposes of enforcement of the Protective Order.

Signature: _____

Printed Name: _____

Date: _____