UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BMC SOFTWARE, INC., <br>    *Plaintiff*, <br> <br> v. <br> <br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br>    *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-17-2254 |

**ORDER FOR MEDIATION**

Numerous motions are pending before the Court in this business dispute in which the parties allege breaches of contract and other wrongful conduct related to the parties' Master Licensing Agreement (MLA) and related Outsourcing Attachments (OA). The facts have been set forth extensively in prior Orders of the Court. *See, e.g,* ECF 219.

BMC has filed 4 separate summary judgment motions:

1. ***Motion for Partial Summary Judgment on Breach of Sections 1.1. and 5.4.*** In BMC's words, it seeks "partial summary judgment construing the two core contractual provisions that IBM's conduct violated—Sections 1.1 and 5.4 of the OA—and [asks the Court] to conclud[e] that IBM breached those provisions." ECF 381 at 8. IBM opposes the motion, disputes BMC's interpretation of the contract provisions and among other things, denies its conduct constitutes a breach. ECF 428 at 36-42. In addition, IBM argues that BMC's claimed damages are constrained by a damages limitation provision in the MLA. ECF 428 at 43. Finally, IBM contends BMC is not entitled to summary judgment because it maintains an alternative position that the contract is ambiguous. ECF 428 at 50. BMC's motion, together with IBM's response and BMC's reply, consists of approximately 150 pages of briefing and approximately 4,500 pages of exhibits. *See* ECF 381, 428, 454.

2. ***Motion for Summary Judgment on the Construction of the Damages Limitation Provision.*** This motion for partial summary judgment asks the Court to construe the damages limitations provisions contained in the MLA and find that the damages it seeks are direct or general damages, not consequential damages barred by section 9 of the MLA. ECF 385. IBM opposes the motion on multiple grounds. ECF 422. The motion, response, and reply consist of approximately 70 pages of briefing while the associated exhibits include more than 2,000 pages. ECF 385, 422, 458.

3. ***Motion for Summary Judgment on all of IBM's Affirmative Defenses.*** BMC's third motion seeks summary judgment on all of IBM's affirmative defenses including the defenses of waiver and release, laches and statute of limitations time bars, equitable estoppel, and ratification. ECF 387 at 14-37. IBM opposed BMC's motion on many grounds. ECF 420. BMC's motion, IBM's response, and BMC's reply together consist of more than 100 pages of briefing, and approximately 700 pages of exhibits. ECF 387, 420, 460.

4. ***Motion for Partial Summary Judgment on IBM's counterclaim for breach of the most favored customer provision.*** BMC's fourth motion for partial summary judgment asks the Court to grant summary judgment in favor of BMC on IBM's counterclaim because IBM cannot raise a fact issue regarding the alleged breach of the most favored customer provision. ECF 391 at 12-13. BMC also argues that IBM's requested alternative relief—reform of the contract—is not available as a matter of law. ECF 391 at 14. Again, IBM opposes the motion on various grounds, and argues it is entitled to have the contract reformed to strike the non-displacement provision in the OA. The motion, opposition and reply consist of approximately 90 pages of briefing, and the motion attaches approximately 2000 pages of exhibits.

IBM for its part has filed 2 summary judgment motions:

1. ***IBM's Motion for Partial Summary Judgment on its breach of contract counterclaim.*** IBM moves for summary judgment in its favor on its counterclaim that BMC breached the most favored customer provision in the 2015 OA. ECF 394. BMC opposes the motion on various grounds, including the arguments that IBM cannot establish a breach as a matter of law, that IBM has offered no evidence that it was damaged by the alleged breach, and that the Court cannot strike the non-displacement provision as a remedy for breach as advocated by IBM. ECF 418. The motion, response, and reply consist of approximately 80 pages of briefing and over 1800 pages of exhibits.

2. ***IBM's Motion for Summary Judgment on BMC's claims.*** IBM argues in this motion that (i) all of BMC's claims are contractually released because they arise under the 2013 OA; (ii) BMC's fraudulent inducement claim fails as a matter of law; (iii) BMC's trade secret claims fail as a matter of law; (iv) BMC's tortious interference claim fails as a matter of law; and (v) BMC's damages are barred by section 9 of the MLA, or limited to five million dollars under section 10 of the MLA and, because they are hypothetical, the damages are not recoverable under New York law. ECF 396. BMC opposes the motion on various grounds. ECF 416. The motion, response and reply consist of approximately 300 pages of briefing and over 7,000 pages of exhibits.

In addition to the 6 pending summary judgment motions, there are 7 *Daubert* motions: BMC's motions to exclude Bruce V. Hartley, Barry Graham, Paul C. Pinto, Christopher Gerardi, and Richard J. Gilbert (ECF 476, 478, 481, 484, 487); and IBM's motions to exclude Alan

2

Ratliff and Kendyl Roman (ECF 482, 488). The cumulative briefing on the Daubert motions currently consists of approximately 130 pages with over 2,000 pages of exhibits, and briefing is not yet complete.

Also pending is BMC's Renewed Motion to Compel (ECF 407, 917 total pages) seeking to compel IBM to produce privileged documents on grounds of the crime-fraud exception to attorney client privilege. IBM responded (ECF 433, 510 total pages) and has submitted hundreds of pages of documents for review *in camera* by the Magistrate Judge.

Since this case was filed in 2017, the Court has conducted a multi-day temporary injunction hearing and issued a Memorandum and Recommendation and Order of Adoption denying the temporary injunction; held multiple hearings and issued multiple rulings on discovery disputes including prior *in camera* document reviews and rulings on privilege challenges; and issued a written Memorandum and Recommendation and Order of Adoption granting IBM's motion to strike BMC's request for jury trial, which required the Court to decide whether the Master License Agreement and the Outsourcing Attachment are integrated or separate agreements. Suffice it to say, the Court has devoted considerable resources to various issues in this case. As set forth above, there are currently fourteen pending motions in the case that cumulatively involve hundreds of pages of briefing and well over fifteen thousand pages of exhibits and documents submitted for *in camera* review.

Because a ruling the pending motions will require *significant* additional resources of the Court, the Court will require the parties to mediate prior to the Court ruling on the motions. It is therefore **ORDERED** that the parties must participate in a mediation within 60 days of entry of this Order. The mediation may be held in person or by videoconference. A person authorized to to agree to settlement terms must attend for each party.

Furthermore, Ret. United States Magistrate Judge Johnson oversaw this case for a number of years and conducted multiple hearings, issued multiple recommendations and orders, and is familiar with the positions of the parties and the background of the case. Therefore, the Court makes a non-binding recommendation that the parties mediate this case before Ret. Magistrate Judge Nancy Johnson, who now serves as a mediator and arbitrator. The Court believes that Judge Johnson's familiarity with the issues in the case will provide an immense benefit to the parties in terms of saving time educating a mediator and ultimately reaching a settlement.

Signed at Houston, Texas on November 16, 2020.

_____
Gray H. Miller
Senior United States District Judge